UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NICK SUITER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:15-CV-334 |
| ASI LLOYDS and JOHN WIERMAN, | § § § | |
| Defendants. | § § | |

# DEFENDANT ASI LLOYDS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant ASI LLOYDS ("ASI"), hereby removes the action styled and numbered, *Nick Suiter v. ASI Lloyds and John Wierman*, 2015CV01871, currently pending in the County Court At Law No. 2 of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## I. INTRODUCTION

1.  On March 18, 2015, Nick Suiter ("Plaintiff") filed his Original Petition in Cause No. 2015CV01871 against ASI Lloyds ("ASI") and John Wierman ("Wierman"). Plaintiff served ASI with suit on April 2, 2015. Plaintiff's Original Petition alleges causes of action against all defendants for breach of contract, violations of the Texas Deceptive Trade Practices Act, violations of Section 542 of the Texas Insurance Code, unfair insurance practices and breach of the duty of good faith and fair dealing.[1]

---

[1] *See* Plaintiff's Original Petition, attached as **Exhibit B**.

2. ASI need not obtain John Wierman's consent to removal as ASI contends Wierman was improperly joined.[2] Wierman, however, consents to this removal.

3. Defendant, therefore, timely files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

4. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. §§ 124(a)(5) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## PARTIES

5. Plaintiff Nick Suiter is a Texas resident who resides in Bexar County, Texas.

6. ASI was at the time this lawsuit was filed, and at the date of this Notice remains, an association of underwriters. The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, Gregory E. Stewart, John F. Auer, Jr., Robert K. Munns, Jr., Edwin L. Cortez, Mary F. Bacon, Antonio Scognamiglio, and Philip L. Brubaker. Each of these underwriters is a citizen of the State of Florida. The United States Supreme Court has held that an unincorporated association's citizenship is determined by the citizenship of each of its partners.[3] Therefore, ASI is not a citizen of the State of Texas.

7. Defendant John Wierman is a Texas Resident, contracted to adjust Plaintiff's claims against ASI. Wierman is improperly joined in this suit for the sole purpose of attempting to defeat diversity jurisdiction, more specifically explained below.

---

[2] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[3] *Deep Marine Technology, Inc. v. Conmaco/Rector, L.P.,* 515 F.Supp.2d 760, 766 (S.D. Tex. June 26, 2007); *Smith v. Allstate Texas Lloyds,* No. 4:12cv486, 2012 WL 7827609, at *2 (E.D. Tex. Dec. 21, 2012) (recognizing that this has been a consistent view of the United States Supreme Court for over 100 years); *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990).

8. Accordingly, there is now, and was at the time this action was filed, complete diversity between Plaintiff Nick Suiter, and proper Defendant ASI.

## II.  BASIS FOR REMOVAL JURISDICTION

9. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and the only properly joined Defendant.

10. No properly joined defendant is a citizen of the State of Texas for purposes of diversity jurisdiction, and the amount in controversy exceeds $75,000 excluding interest, costs and attorneys' fees. The citizenship of John Wierman – an improperly joined defendant – should be disregarded for purposes of determining whether diversity jurisdiction exists.[4]

## III.  AMOUNT IN CONTROVERSY

11. The amount alleged to be in controversy greatly exceeds $75,000. Plaintiff's Original Petition alleges that Plaintiff believes his damages are in excess of $100,000.00."[5]

12. Therefore, it is apparent that Plaintiff's claim exceeds the amount required to support federal jurisdiction.

## IV.  JOHN WIERMAN WAS IMPROPERLY JOINED AS A DEFENDANT

13. Removal jurisdiction is determined on the basis of the claims in the state court pleading as it exists at the time of removal.[6] To establish that a non-diverse defendant has been

---

[4]  *See Hisitage Bank v. Redcom Labs, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 389-90 (5th Cir. 2000).

[5]  *See* Plaintiff's Original Petition, attached as **Exhibit B**, page 2.

[6]  *See Cavallini v. State Farm Mutual,* 44 F.3d 256, 262 (5th Cir. 1995); *Castellanos v. Bridgestone Corp.,* 215 F.Supp.2d 862, 864 (S.D. Tex. July 22, 2012).

improperly joined for the purpose of defeating diversity jurisdiction, the removing party must show either (1) that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant under state law, or (2) actual fraud in the pleading of jurisdictional facts.[7] Here, the first clearly applies. The standard for such an inquiry is whether the defendant has demonstrated that "there is no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant.[8] The mere hypothetical possibility that an action against the non-diverse defendant could exist is not enough to preclude a finding of improper joinder.[9]

14.     Under this standard, there is no reasonable basis for predicting that Plaintiff might establish liability against Wierman. Indeed, Plaintiff has collectively pled all of its counts against both Defendants ASI and Wierman without any distinction of the acts and/or failure thereof between the two parties. As such, the claims Plaintiff alleges against Wierman are baseless in both law and fact.[10]

15.     More specifically, Plaintiff serially alleges, in conclusory language, violations of numerous sections of the Texas Insurance Code, the duty of good faith and fair dealing, DTPA violations, and unfair insurance practices but does not allege which of the broadly alleged misconduct is attributable specifically to Wierman. These allegations are not sufficient to establish a reasonable basis for predicting that Texas law might impose liability on Wierman.[11]

---

[7]  *Melder v. Allstate Corp.,* 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

[8]  *Neubauer v. Logan's Roadhouse of Texas, Inc.,* Civil Action No. L-09-81, 2009 WL 4263471, at *3 (S.D. Tex. Nov. 24, 2009) (citing *Smallwood,* 385 F.3d at 573).

[9]  *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[10] *Id.*

[11] *Marquez v. Allstate Texas Lloyds*, 2014 WL 710952 (S.D. Tex. 2014)

16. Accordingly, Wierman is improperly joined in the instant action, in an attempt to defeat diversity jurisdiction and his citizenship should be ignored for removal purposes.

## V.  COMPLIANCE WITH 28 U.S.C. §1446

17. In accordance with 28 U.S.C. 1446(a), ASI files this Notice of Removal accompanied by the following exhibits:

   a. All executed process in the case, attached as **_Exhibit A_**.

   b. Plaintiff's Original Petition, attached as **_Exhibit B_**.

   c. Defendants' Original Answer and Affirmative Defenses, attached as **_Exhibit C_**.

   d. State Court Docket Sheet, attached as **_Exhibit D_**.

## VI.  JURY DEMAND

18. Plaintiff demanded a jury in the state court action.

## VII.  CONCLUSION

19. ASI will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

20. Therefore, ASI hereby provides notice that this action is duly removed.

Respectfully submitted,

**ZELLE HOFMANN VOELBEL & MASON LLP**


By: */s/ Andrew A. Howell*
    Todd M. Tippett
    Texas Bar No. 24046977
    TTippett@zelle.com
    Andrew A. Howell
    Texas Bar No. 24072818
    AHowell@zelle.com
    John W. Maniscalco
    Texas Bar No. 24078913
    JManiscalco@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANTS
ASI LLOYDS and JOHN WIERMAN**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this **NOTICE OF REMOVAL** has been served this 27th day of April, 2015, by electronic filing as follows:

Wes Holland
State Bar No. 24007379
wholland@ANGlawfirm.com
William N. Allan, IV
State Bar No. 24012204
serveone@ANGlawfirm.com
**ALLAN, NAVA, GLANDER & HOLLAND, PLLC**
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216
(210) 305-4220 (Office)
(713) 305-4219 (Facsimile)

**ATTORNEYS FOR PLAINTIFF
NICK SUITER**

                                            */s/ Andrew A. Howell*
                                            Andrew A. Howell